IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| THE UNITED STATES OF AMERICA | : |
| v. | : Crim. No. 09-237-01 (RCL) |
| MARK D. SMITH | : |

## MEMORANDUM OPINION AND ORDER

Before the Court are defendant Mark D. Smith's *pro se* motion [150] and supplemental motions submitted through counsel [169] [173], seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and based upon the retroactive application of Amendment 782 of the United States Sentencing Guidelines (the "Guidelines"). Smith also filed *pro se* a Motion for Summary Judgment as a Matter of Law [156].

After considering the motions, the entire record herein, and the applicable law, the Court finds that although Smith is eligible for a sentence reduction under § 3582(c)(2), such a reduction is not warranted in these circumstances, and will therefore **DENY** his motions.

## BACKGROUND

On August 24, 2010, Smith pleaded guilty to one count of Conspiracy to distribute and Possess With Intent to Distribute cocaine, in contravention of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), and 846, pursuant to Fed. R. Crim. P. 11(c)(1)(C). Plea Agreement, ECF No. 102 ¶ 1.

In accepting the terms of his plea agreement, Smith acknowledged that he was "accountable for at least 1.5 kilograms but less than 4.5 kilograms of cocaine base[,]" which represented "the total amount involved in [his] relevant criminal conduct." *Id.* ¶ 2. He and the Government separately agreed that "156 months[' incarceration] [was] the appropriate sentence for this offense." *Id.* ¶ 3. Further, Smith and the Government agreed as follows:

1

> Should the Court not agree that the sentence agreed upon by the parties is appropriate, and [if Smith] does not withdraw his plea, [he] and the Government agree to the following: [Smith] will be sentenced according to Title 18, United States Code, Sections 3553(a) and 3553(c) through (f) and upon consideration of the United States Sentencing Guidelines.

*Id.* ¶ 5.

On April 30, 2014, the U.S. Sentencing Commission (the "Commission") submitted to Congress Amendment 782 of the Guidelines, proposing a downward revision to the applicable sentencing ranges for drug trafficking offenses. The Commission then passed Amendment 788 to allow Amendment 782's revisions to be applied retroactively, and on November 1, 2014, Amendment 782 and its retroactive application became effective. In his current motion, Smith seeks relief under these amended provisions of the Sentencing Guidelines.

**DISCUSSION**

Smith's § 3582(c)(2) Motions

To grant a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), two separate conditions must exist. A prisoner must (1) be eligible for the requested reduction and (2) early release must be warranted. *Dillon v. United States*, 560 U.S. 817, 827 (2010). Smith fails to meet the second of these requirements because the facts of this case do not warrant early release in accordance with any of the factors set forth in 18 U.S.C. § 3553(a). *See id.* § 3582(c)(2) (stating the Court may reduce the term of imprisonment "on its own motion," but must consider and weigh the factors set forth in § 3553(a)).

Accordingly, although Smith is statutorily eligible for a sentence reduction, such a reduction is not warranted in these circumstances. Therefore, his motion for relief under § 3582(c)(2) will be denied.

    i.    *Smith's sentence was based upon the Sentencing Guidelines.*

In *United States v. Epps*, 707 F.3d 337, 352 (D.C. Cir. 2013), the D.C. Circuit explained that under § 3582(c)(2), a prisoner who had entered into a Rule 11(c)(1)(C) plea agreement is eligible for a sentence reduction if his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* (citing 18 U.S.C. § 3582(c)(2)'s standard for a sentence reduction). The opinion applied and interpreted *Freeman v. United States*, 564 U.S. 522 (2011), where a plurality of the Supreme Court explained that plea agreements do not automatically disqualify a defendant for relief under § 3582(c)(2). The D.C. Circuit reasoned specifically that, to determine whether a defendant's term of incarceration was "based on" a specific Guidelines range, courts should focus on "the reasons given by the district court for accepting the sentence that was ultimately imposed." *Epps*, 707 F.3d at 351.

The *Epps* reasoning no longer controls this inquiry. Last Term, in *Hughes v. United States*, the Supreme Court modified the *Freeman* plurality, explaining that because the "Sentencing Guidelines prohibit district courts from accepting [Rule 11(c)(1)(C)] agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range, . . . the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are" necessarily "'based on' the defendant's Guidelines range." 138 S. Ct. 1765, 1776 (2018).

During the colloquy at Smith's plea agreement hearing, the Court explained that "under the Guidelines[,]"Smith faced a maximum sentence of lifetime imprisonment. Tr. of Aug. 24, 2010 Plea Agreement Hearing at 4:22–25, 5:01–04. The Court further explained that it would not "determine the guideline sentence until after trial" if Smith exercised his right to a jury trial and was thereafter convicted. *Id.* at 6:18–20.

The Government also presented an allocution and acknowledged that the plea agreement was "pretty straightforward because it's pursuant to 11(c)(1)(C), and the critical part of the

3

agreement is that the parties agree[d] a sentence of 156 months or 13 years [was] the appropriate sentence." *Id.* at 7:19–23.

At Smith's sentencing hearing, the Government reminded the Court that "this is a [Rule 11(c)(1)(]C[)] plea." Tr. of Dec. 10, 2010 Sentencing at 2:12-13. *See also* U.S.S.G. U.S.S.G. § 6B1.2(c) (stating that courts must evaluate the recommended sentence in light of the defendant's Guidelines range). The Government asked the Court to "impose [the] sentence agreed to by the parties." *Id.* 3:24–25. In response, Smith's counsel explained to the Court that the parties reached a plea agreement "under the Guidelines." *Id.* at 5:04. Although the Court entertained arguments from Smith's counsel as to his risk of recidivism, flight risk, and risk to the community, *id.* at 5–7, it ultimately imposed the agreed-upon sentence of 156 months' incarceration followed by 60 months of supervised release. *Id.* at 10:18–24. The Court did not make a specific drug quantity calculation.

Based on this record, the Government cannot dispute that the Guidelines range was "'a relevant part of the analytic framework'" that this Court used to approve Smith's 11(c)(1)(C) agreement. *Hughes*, 138 S. Ct. at 1776 (quoting *Freeman*, 564 U.S. at 530). This is necessarily so because the Sentencing Reform Act itself requires this Court to calculate and consider the Guidelines range in every case. *See* 18 U.S.C. § 3553(a). Even where a "judge uses the sentencing range as the beginning point to explain [a] decision to deviate from it," the Supreme Court has explained that "'the Guidelines are in a real sense the basis for the sentence.'" *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) (quoting *Peugh v. United States*, 569 U.S. 530, 542 (2013)).

Indeed, in Smith's Memorandum in Aid of Sentencing and Motion for Voluntary Surrender, defense counsel unequivocally urged this Court to adopt a sentence of 156 months

4

"[p]ursuant to Rule 11(c)(1)(C)," explaining that "[b]ased on all of the relevant sentencing factors" appurtenant to the Guidelines, the parties jointly requested a sentence "to a period of incarceration for a period of 156 months." ECF No. 134, at 1–2. The Government did not oppose this motion. And while it is true that "the Guidelines are advisory only, and so not every sentence will be consistent with the relevant Guidelines range," such cases "are a narrow exception to the general rule that, in most cases, a defendant's sentence will be 'based on' his Guidelines range." *Hughes*, 138 S. Ct. at 1776 (citing *Koons v. United States*, 138 S. Ct. 1783, 1789 (2018)). That exception—which applies only when a court expressly "discard[s] [the advisory range] in favor of mandatory minimums and substantial assistance factors"—is inapposite to this case. *Koons*, 138 S. Ct. at 1789.

Therefore, *Hughes*, *Koons*, and *Molina-Martinez* each strongly counsels that the Court's sentence was "based on" the Guidelines.

          ii.      *Notwithstanding the foregoing, a sentence reduction is unwarranted.*

Having resolved that Smith's sentence was 'based on' the Sentencing Guidelines, the Court next evaluates whether a reduction "is warranted in whole or part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *accord United States v. Butler*, 130 F. Supp. 3d 317, 319–20 (D.D.C. 2015). The Court must "consider[] the factors set forth in § 3553(a)" only if, in its discretion, it considers "such a reduction" to be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). And where, as here, the Court "concludes that it would have imposed the same sentence even if the defendant had been subject to a lower range, then the court retains discretion to deny relief." *Hughes*, 138 S. Ct. at 1778.

Assuming, *arguendo*, that Smith's requested reduction would be consistent with any such policy statements, the Court finds that the § 3553(a) factors as applied to this case are fatal to his application for relief. Specifically, the Court finds that "any pertinent policy statement issued by the Sentencing Commission is outweighed by: (1) "the nature and circumstances of the offense;" (2) "the need for the sentence imposed to reflect the seriousness of the offense, . . . and to provide just punishment for the offense;" and (3) "the [amended] sentencing range established for the applicable category of offense[.]" 18 U.S.C. §§ 3553(a)(1)-(2), (4), (5).

    a. The nature and circumstances of this offense warrant a significant period of incarceration.

First, Smith distributed significant quantities of cocaine base to confidential informants on at least four independent occasions in this District, within a span of four months. *See* Proffer of Evidence, ECF No. 103 § II ¶ 2. Specifically, "on or about July 12, 2008," Smith distributed "approximately 213 grams of crack cocaine" to such an informant; "on or about August 13, 2008," he distributed "approximately 62 grams of crack cocaine" to such an informant; "on or about September 15 20018," he distributed "approximately 62 grams of crack cocaine to such an informant;" and finally, "on or about November 21, 2008," he distributed "approximately 125 grams of crack cocaine" to such an informant. *Id.*

Smith then conspired to distribute an additional quantity of at least 250 grams of cocaine base in or about autumn 2008. *Id.* § II ¶ 3. Finally, on or about May 12, 2009, law enforcement officials seized 125 grams of cocaine from Smith's automobile. *Id.* § II ¶ 5.

Importantly, Smith played an instrumental role in a multi-year conspiracy, in which he "received large amounts of crack cocaine or cocaine from certain individuals and then redistributed it to others." *Id.* § II ¶ 1. Smith was not a low-level participant; indeed, the Government

6

represented at sentencing that he operated in the "middle rungs" of the overall conspiracy. Tr. of Dec. 10, 2010 Sentencing at 3:06–10. Smith did not dispute this assertion.

Notwithstanding these undisputed facts, Smith urges that because this Court did not "make any specific drug quantity calculation" at either the plea hearing or the sentencing hearing, and because he agreed to a quantity of "at least 1.5 kilograms of cocaine base," the "upper limit of [his] drug quantity cannot be determined from the original offense level." ECF No. 169, at 6. In support of this argument, Smith points to *United States v. Wyche*, where the D.C. Circuit explained in *dicta* that "[i]f the original sentencing court failed to make a specific drug-quantity calculation, the resentencing court may have to make its own quantity finding in order to determine the defendant's guideline range." 741 F.3d 1284, 1293 (D.C. Cir. 2014). Smith's reliance on this authority is misplaced here.

Indeed, the D.C. Circuit has since revisited *Wyche*, explaining that *Wyche* is limited to its facts. *See United States v. Miller*, 890 F.3d 317, 327 (D.C. Cir. 2018). In *Wyche*, the defendant was responsible for "at least 500 grams of cocaine base." *Wyche*, 741 F.3d at 1293. When the defendant in *Wyche* was initially sentenced, "500 grams of cocaine base" triggered the highest base offense level under the Guidelines. *Id.* at 1289. The Guidelines were subsequently revised to reflect a lower sentencing range for quantities between 500 grams and 1.5 kilograms, thus warranting a sentence reduction. *See id.* Here, however, Smith accepted responsibility for "1.5 kilograms but less than 4.5 kilograms of cocaine base." ECF No. 102 ¶ 2. The Guidelines provide a base offense level of 32 for any quantity from "[a]t least 840 grams but less than 2.8 kilograms of cocaine base." U.S.S.G. § 2D1.1(c)(4).

Because this Court may consider "the amount of drugs attributable to any one codefendant as 'relevant conduct' for guidelines purposes," limited only by "the reasonably foreseeable

7

transactions in furtherance of that codefendant's 'jointly undertaken criminal activity,'" a sentence of 156 months' incarceration was proper here. *Wyche*, 741 F.3d at 1292 (quoting *United States v. Easter*, 553 F.3d 519, 523 (7th Cir. 2009)). Courts "may rely 'on evidence of a defendant's relationship to and involvement with the conspiracy in order to draw permissible inferences regarding' the scope of his agreement to the conspiratorial conduct 'and the foreseeability of his coconspirators' conduct." *Id.* (quoting *United States v. Thomas*, 114 F.3d 228, 260 (D.C. Cir. 1997)). It is thus not material that this Court did not articulate a specific drug quantity finding at the time of sentencing, because it is permitted to base its sentence "'on any ground supported in the record.'" *Miller*, 890 F.3d at 328 (quoting *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010)).

Moreover, resentencing courts may revisit the issue of drug quantity only where the upper limit of a defendant's drug quantity cannot be determined from the original offense level. *See United States v. Kennedy*, 722 F.3d 439, 443 (D.C. Cir. 2013). As discussed, this amount is ascertainable by reviewing the record as a whole. And in this Circuit, as in several others, a § 3582(c)(2) motion "'is not the appropriate vehicle for raising issues related to the original sentencing,'" because such arguments "are not cognizable under § 3582(c)(2)." *Id.* (quoting *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009)).

Accordingly, the Court finds that Smith participated in a criminal enterprise whose primary objective was to capitalize substantially on a sweeping proportion of the population in this District, to the entire population's detriment. This conduct warrants a significant period of incarceration for the dual purposes of specific deterrence and retribution.

    b. The sentence imposed reflects the gravity of Smith's conduct.

Second, Smith's current sentence of 156 months' incarceration followed by a 60-month post-release supervision is reasonable, in light of his conduct and criminal history. Even if, as Smith argues, Amendment 782 "reduces [his] applicable guideline range from 151 to 188 months . . . to a range of 121 to 151 months," a sentence of 156 months' incarceration is warranted independently. ECF No. 169, at 7. Indeed, had Smith been convicted after a trial, he would be facing a mandatory minimum of life imprisonment for this offense. *See* 21 U.S.C. §§ 841(b)(1)(A), 851(b). At sentencing, defense counsel acknowledged that Smith did, in fact, avoid a potential lifetime-sentence by his plea. *See* Tr. of Dec. 10, 2010, at 4:13–5:08. This statutory penalty clearly evinces Congress's intent to impress upon sentencing courts the gravity of the crime of which Smith stands convicted, in light of the individualized mitigating and exacerbating circumstances appurtenant to the facts of this case.

The current Guidelines prescribe, but do not mandate, a period of incarceration of 151 months. *See* USPO Memorandum dated Jun. 30, 2017, ECF No. 162. But Smith agreed to accept a period of incarceration of 156 months – only 5 months beyond the revised prescribed maximum – in lieu of risking the loss of liberty for life. While the Court acknowledges that Smith has been productive while incarcerated, having received no disciplinary infractions and having completed his G.E.D. and substance abuse education, his good conduct while incarcerated does not outweigh the gravity of the offense of which he stands guilty. *See id.* at 2.

      c. There is no relevant policy statement from the Sentencing Commission to outweigh the foregoing factors.

Third, Smith does not point to, nor does this Court find, any relevant policy statement of the Sentencing Commission that outweighs the foregoing factors. Smith argues that a sentence reduction is warranted here to "serve the purpose of uniformity." ECF No. 173 at 4. But the purpose of the Guidelines is not to divest sentencing courts entirely of their discretion to impose

9

sentences based upon the facts before them. The Guidelines' purpose is to "create a comprehensive sentencing scheme in which those who commit crimes of *similar* severity under *similar* conditions receive *similar* sentences." *Hughes*, 138 S. Ct. at 1776 (quoting *Freeman*, 564 U.S. at 533) (emphases added). That purpose does not require this Court to impose cookie-cutter sentences without regard to the specific circumstances of every defendant who appears before it.

Accordingly, the Court finds that a sentence reduction is not warranted, either in whole or in part, based upon the factual circumstances peculiar to Smith's case, and that it would have imposed the same sentence even if he were subject to a lesser Guidelines range at the time of sentencing.

Smith's Motion for Summary Judgment as a Matter of Law

On January 23, 2017, Smith filed a *pro se* Motion for Summary Judgment as a Matter of Law. *See* ECF No. 156. Smith points the Court to *Blackledge v. Allison*, 431 U.S. 63 (1977) as the purported authority for this Court to grant *habeas* relief. ECF No. 156, at 1. *Blackledge* concerned a convicted prisoner in state custody who sought a writ of *habeas corpus* in the U.S. District Court for the Middle District of North Carolina, alleging that "[h]is guilty plea [to a state crime] was induced by an unkept [*sic*] promise, and therefore was not the free and willing choice of the petitioner." *Blackledge*, 431 U.S. at 68. In affirming the prisoner's request for relief, the Supreme Court evaluated North Carolina's then recently-enacted plea-bargaining procedures and found that the state court did not follow its own rules of criminal procedure when it accepted his plea agreement, and thus violated his right to procedural due process under the Fifth and Fourteenth Amendments. *Id.* at 79–80.

Here, Smith stands convicted of a federal crime and is currently in federal custody. He does not challenge the sufficiency of the federal plea-bargaining process generally, nor does he

allege specifically that his Fed. R. Crim. P. 11 plea-bargaining process was procedurally defective. Indeed, 18 U.S.C. § 3582(c), not state law, provides the exclusive avenues through which this Court may modify a term of imprisonment. Accordingly, *Blackledge* is inapposite to this record, and Smith's Motion for Summary Judgment is in error. And as the Court has already explained, Smith's § 3582(c) motions will be denied because a sentence reduction is unwarranted in these circumstances.

Therefore, the Court will **DENY** Smith's Motion for Summary judgment as moot.

## CONCLUSION

After considering the motion, the entire record herein, and the applicable law, the Court finds that Smith is ineligible for sentence reduction and will **DENY** his motions [ECF Nos. 150, 156, 169, 173].

**IT IS SO ORDERED** on this 18th day of September, 2018.

Royce C. Lamberth
Senior United States District Judge

11